UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robert Frost,                               Case No.   3:14-cv-1788

           Plaintiff

     v.                                    MEMORANDUM OPINION
                                            AND ORDER
The Ohio Department of
Rehabilitation and Correction, *et al.*,

           Defendants


*Pro se* plaintiff Robert Frost is a state prisoner incarcerated in the Toledo Correctional Institution. He has filed this civil rights action under 42 U.S.C. §1983, alleging deliberate indifference to his medical needs. He has filed a motion for leave to file an amended complaint (Doc. No. 3) and a motion to add an additional defendant in the case (Doc. No. 5). Both of these motions are granted. In addition, by separate order, I have granted the plaintiff's motion to proceed *in forma pauperis*. The plaintiff's complaint, as amended by his subsequent pleadings, is therefore now before me for initial screening pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

**Standard of Review**

Under 28 U.S.C. § 1915(e), a district court is required to dismiss an *in forma pauperis* action *sua sponte* if the court finds the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Similarly, under 28 U.S.C. § 1915A, a district court must dismiss on initial screening any civil action in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental

1

entity that is it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), in order to state a claim, a *pro se* complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). See also *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded factual allegations as true; however, the court need not "accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting Papason v. Allain, 478 U.S. 265, 268 (1986). While detailed factual allegations are not required to state a claim, a complaint must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. It must contain sufficient allegations to "give the defendant fair notice of what the . . . [plaintiff's] claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

**Plaintiff's Allegations**

The plaintiff alleges he has total blindness in his right eye and partial blindness in his left eye and has received improper and inadequate medical care and treatment for both eyes while he has been incarcerated.

He alleges his injury to his right eye originally occurred in 1998, as a result of an accident on the part of another inmate, while he was incarcerated in the Lorain Correctional Institution. He alleges he received inadequate medical treatment for this injury. He alleges the "institution" initially took four days to see him for this injury even though he requested immediate medical attention. (Am. Complt., ¶2.) In addition, he alleges he has been denied "necessary surgery" for his right eye. (*See* Doc. No 5.) He alleges he was first denied surgery in 2012. And in 2015, he was told by a

2

nurse practitioner that eye surgery allegedly "scheduled to be conducted in 2014" was "put on hold pending further review." (*Id.*) He alleges "Doctor Andrew Eddy," who sits on a Review Panel, twice declined to approve surgery for his right eye, even though other T.C.I. doctors and Ohio State Medical Center Specialists recommended surgery. (*Id.*)

The plaintiff alleges the partial blindness in his left eye "resulted from medical malpractice on the part of the physicians and medical staff responsible at both Lebanon Correctional Institution and Toledo Correctional Institution." (Am. Complt., ¶5.) He alleges: "Improper and/or inadequate medical attention was received, the responsible parties did not provide proper care resulting in partial blindness." (*Id.*, ¶6.) He also alleges medical staff failed to provide him "proper medication necessary to relieve the symptoms of his chronic condition." (*Id.*, ¶9.)

The plaintiff alleges he has been irreparably and emotionally damaged "by the actions of the Defendants" and seeks compensatory and punitive damages and "that the Court order proper medical care to be provided to Plaintiff." (*Id.*, Prayer for Relief.) The plaintiff has named as defendants: the Ohio Department of Rehabilitation and Correction (ODRC), T.C.I. Warden Edward Sheldon, and Doctors Stuart Hudson, M.D., Thomas Shoemaker, O.D., Edward Krishner, M.D., and Andrew Eddy, M.D.

**Analysis**

Upon review, I find the plaintiff's complaint must be dismissed under 28 U.S.C. §§ 1915(e) and 1915A. Even when liberally construed, the complaint fails to state a colorable claim against any defendant for deliberate indifference under Section 1983.

First, the plaintiff's complaint fails to state a claim and must be dismissed as against ODRC. Section 1983 provides that "[e]very person who, under the color of any [state law] subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. A correctional facility is not a "person" subject to suit under § 1983. *See Parker*

3

*v. Michigan Dept. of Corrections*, 65 Fed. App'x 922, 923 (6th Cir. 2003). Moreover, ODRC is immune from damages claims under the Eleventh Amendment. *See Turker v. Ohio Dept. of Rehabilitation and Correction*, 713 F.2d 1229, 1232-34 (6th Cir. 1983). Accordingly, I must dismiss the plaintiff's § 1983 action against ODRC.

Second, the plaintiff has failed to state a claim on which relief may be granted against Warden Sheldon. It has long been established that liability may not be imposed under §1983 solely on the basis of *respondeat superior*. *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *Hill v. Marshall*, 962 F.2d 1209, 1213 (6th Cir. 1992). Rather, §1983 liability must be premised on a defendant's own, "active unconstitutional behavior" and not a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The plaintiff has alleged *no* facts whatsoever indicating any involvement of Warden Sheldon in the unconstitutional conduct he alleges. Accordingly, his action must be dismissed as against Warden Sheldon.

Third, the plaintiff has not alleged a viable §1983 claim against the remaining physician defendants. The plaintiff's pleadings do not forth any allegations whatsoever regarding Defendants Hudson, Shoemaker, and Krishner. He does not allege any facts indicating that, or how, these defendants were personally involved in, or responsible for, the unconstitutional conduct he alleges in connection with his medical treatment. Where individuals are named as defendants without an allegation of specific conduct, a complaint is subject to dismissal, even under the liberal construction afforded to *pro se* plaintiffs. *See Frazier v. Michigan*, 41 Fed. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at * 1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would

4

suggest their involvement in the acts leading to his injuries."). Accordingly, I must dismiss the complaint as against Defendants Hudson, Shoemaker, and Krishner.

Regarding Defendant Eddy, the plaintiff has not alleged a colorable constitutional claim under the Eighth Amendment. Not every claim by a prisoner that he has received inadequate medical treatment states a claim under the Eighth Amendment. Rather, Eighth Amendment claims require a plaintiff to demonstrate both objective and subject components. The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations so serious that they deny him "the minimal civilized measures of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The subjective component requires the plaintiff to show that prison officials acted wantonly, with "deliberate indifference" to a prisoner's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). It is well-established that differences in judgment between an inmate and prison medical staff regarding the appropriate medical diagnosis of, or the proper course of treatment for an inmate, are not enough to demonstrate a deliberate indifference claim. Even if mistakes are made by prison medical staff in either diagnosis or treatment of an inmate, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To the contrary, the Sixth Circuit instructed: "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860, n. 5 (6th Cir. 1976).

The plaintiff's pleadings clearly show that he received some medical treatment for his eyes, including being referred to a specialist who recommended surgery for his right eye. The plaintiff disagrees with various specifics of his diagnosis and treatment (in particular, he disagrees with what medications he has been provided and with final decisions of Dr. Eddy regarding his need for eye surgery). However, the plaintiff's allegations, at best, suggest a difference of opinion between him

5

and Dr. Eddy or other prison medical staff regarding the proper diagnosis and treatment for his eye conditions, as opposed to a complete denial of medical care.   Even assuming the plaintiff's allegations are sufficient to demonstrate a medical malpractice claim under state law, they are insufficient to establish that Dr. Eddy, or other prison medical staff, were "deliberately indifferent" to his medical needs within the meaning of the Eighth Amendment.   Accordingly, his complaint even liberally construed fails to state a claim on which relief may be granted under §1983.

## Conclusion

For all of the reasons stated above, I am dismissing the plaintiff's action alleging deliberate indifference pursuant to 28 U.S.C. §§ 1915(e) and 1915A.   I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

        s/Jeffrey J. Helmick
United States District Judge